constitutionally exist because to recognize its existence would be .to make possible the abuse that is feared.

Other points raised by the demurrer to the alternative writ of mandamus need not be specifically discussed in this opinion. It is sufficient to say that they have been carefully considered and are not sustained by the Court.

For the reasons hereinbefore pointed out, the demurrer of the respondent to the alternative writ of mandamus is hereby overruled, with permission to answer over within five days, in default of which judgment final will be entered and a peremptory writ issued as prayed.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J., dissenting:—No matter how beneficent the purpose of this Act may be, nor how well qualified the members of the Board named in the Act may also be, I cannot escape the conclusion that the Act, creating as it does, a self-perpetuating board, with powers to fill future vacancies therein, is contrary to the implications of the constitution, arising from Section 2 of the Declaration of Rights; Article II; and Section 7 of Article IV, of the Constitution. This Act goes further than the Act considered in State v. Johns, 92 Fla. 187, 109 So. 228, though the writer thought that even that Act went too far, as indicated by the dissenting opinion in that case.

HERBERT PULITZER, *Plaintiff in Error,* vs. P. TOMASELLO, JR., as Receiver of the Bank of Okeechobee, an insolvent banking corporation, *Defendant in Error.*

135 So. 567.

Decision filed June 16, 1931.

30

*Botts & Field,* for Plaintiff in Error;

*Angus Sumner* and *George P. Garrett,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

J. GEORGE, *Plaintiff in Error,* vs. P. TOMASELLO, JR., as Receiver of the Bank of Okeechobee, an insolvent banking corporation, *Defendant in Error.*

135 So. 568.

Decision filed June 16, 1931.

*Botts & Field,* for Plaintiff in Error;

*Angus Sumner* and *George P. Garrett,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered, and adjudged by the Court that the said judgment of the Circuit Court be, an the same is hereby affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.